Nov. Term,
1852.

WALKER
v.
CLYMER.

---

WALKER, Executor, *v.* CLYMER.

To sustain a set-off for money paid as a replevin-bail, proof must be made of the entry of replevin-bail.

ERROR to the *Cass* Circuit Court.

SMITH, J.—This was an action of assumpsit, brought by the defendant in error against *Walker*, as the executor of *Joseph Clymer*, deceased. The first count was upon a note made by *Joseph Clymer*, during his life-time, for 180 dollars and 60 cents. The second count was for goods sold and work and labor. The defendant pleaded the general issue, with notice of matters of set-off, and several other pleas of payment, want of consideration, &c. The cause was submitted to the Court who rendered a judgment in favor of the plaintiff for 346 dollars and 82 cents damages; but because the suit was not brought,

Friday,
December 3.

nor notice of the claim given to the executor, within one year from the issuing of his letters testamentary, the defendant had judgment for the costs.

There were issues of fact upon all the pleas, except the seventh, eighth, and ninth, to which demurrers were sustained. The seventh and eighth pleas are evidently bad, and it is unnecessary to examine the ninth, as that was only to the costs of the suit, and the plaintiff did not succeed in obtaining a judgment for costs.

The only question presented is, whether the evidence supports the judgment, and we cannot say it does not, as setting out of view all the evidence offered under the common counts, the judgment is not for a greater amount than that of the note described in the first count and the interest which had accrued upon it.

The only matter of set-off which the defendant below attempted to prove, was the payment of a certain judgment which had been rendered against the plaintiff below, by *Joseph Clymer*, during his life-time, as replevin-bail. There was, however, no proof of the entry of replevin-bail.

The defendant gave in evidence a judgment which had been rendered against the plaintiff in favor of one *William George*, and then offered certain receipts, given by the attorneys of *George* to *Joseph Clymer*, acknowledging the payment of said judgment by him as replevin-bail. The execution of these receipts was duly proved, but the Court refused to permit them to be given in evidence. The reason why they were excluded is not stated in the record. It may have been for the reason that there was no proof of the entry of replevin-bail.

*Per Curiam.*—The judgment is affirmed with 2 *per cent.* damages and costs.

*O. H. Smith, W. Z. Stuart,* and *S. Yandes,* for the plaintiff.

*D. D. Pratt,* for the defendant.